# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## MIDDLE DISTRICT—HARRISBURG, 1889.

### ELIAS HOOVER v. THOMAS HOOVER.*

APPEAL BY DEFENDANT* FROM THE COURT OF COMMON
PLEAS OF DAUPHIN COUNTY.

Argued June 4, 1889—Affirmed at Bar.

Where, in an action of ejectment, the plaintiff's title to the land in dispute
is of record and regular upon its face, and the defendant claims under
a resulting trust, to wit, that the land was paid for with his money and
the title taken by the plaintiff for him, it is not error for the court to
charge that " a high quality of evidence is required to establish such a
defence."

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 17 May Term 1889, Sup. Ct.: court below, No. 631
April Term 1886, C. P.

On April 15, 1886, Elias Hoover brought ejectment against
Thomas Hoover for a certain tract of land which had formed

---

*Hereafter all causes will be entitled as directed by the act of May 9,
1889, P. L. 158, preserving the names of the parties in the order in which
they stood in the court below. See suggestions to Members of the Bar:
127 Pa. xxi.

part of the estate of John Hoover, deceased, the father of the parties to the suit.   Issue.

. At a former trial of the cause, the court directed a verdict for the plaintiff, on the ground that the evidence given on the part of the defendant was not sufficient to make out a defence. On writ of error, the judgment entered was reversed, and a venire facias de novo awarded: Hoover v. Hoover, 11 Cent. R. 408.

At a second trial on October 4, 1888, it was made to appear that John Hoover died intestate on March 17, 1877, seised of several tracts of land, among others, the land in dispute.   By proceedings in partition, the tract in dispute on September 17, 1877, was awarded to Elias Hoover at a valuation of $1,437.05, and recognizance duly given.   The possession of the defendant, at the time of suit brought, being shown, the plaintiff rested.

The defendant introduced testimony tending to show that the plaintiff took the land in dispute, under the proceedings in partition, for him, the defendant; that this was the agreement between them, and so acknowledged to be by the plaintiff both before and after the partition;   that to put the plaintiff in a position to do this, the defendant had assigned to the plaintiff all his share and interest in his father's estate; that immediately after the partition the defendant went into possession of the land in dispute, and thereafter had remained in possession.

In rebuttal, the plaintiff, for the purpose of showing, as was stated, that after the date of the assignment the defendant had no interest in his father's estate, and therefore could not have paid for the land out of it, and that the plaintiff paid for the land in part with the assignment, offered in evidence the following:

" Know all men by these presents that I, Thomas Hoover, of the county of Dauphin, state of Pennsylvania, for a valuable consideration, and for the purpose of better securing moneys loaned me by Elias Hoover, do, by these presents assign and set over unto the said Elias Hoover, of the county and state aforesaid, his heirs and assigns forever, all my right, title, and interest in the distribution, share, or legacy coming to me from the estate of my father, John Hoover, deceased ; and I do hereby empower the said Elias Hoover to demand, take, and receive

Charge of Court below.

the said distribution, share, or legacy to his own proper use
and behoof forever; and further authorize Josiah Hoover, ad-
ministrator of the said John Hoover, deceased, to pay the same
over unto the said Elias Hoover, his heirs, executors and ad-
ministrators.

"In witness whereof, I have hereunto set my hand and seal,
this 29th day of December, A. D. 1877.

"THOMAS HOOVER, [Seal.]"

Objected to, that the paper was not such an instrument as
would convey real estate: all that it was upon its face, was a
security for money.

By the court: Objection overruled; exception.[1][2]

Plaintiff also put in evidence notes of the testimony of the
defendant, taken before an auditor in a proceeding by creditors
of the defendant to attach his interest in his father's estate,
wherein he testified to the validity and purpose of the forego-
ing assignment. There was also testimony on the part of the
plaintiff that the assignment was made as payment or security
for a debt of $500, and as a compensation for maintaining the
defendant and his family for two years, while the defendant
was unable to work.

At the close of the testimony, the court, McPHERSON, J.,
charged the jury:

The plaintiff's title to this property is a title of record, aris-
ing out of proceedings in partition, and is perfect upon its face,
so that unless the defendant has made out his defence to your
satisfaction, the plaintiff is entitled to have a verdict for the
land.

Writings are not to be lightly set aside by testimony of a
parol character, or testimony by word of mouth. A man's
security for his property rests upon his title, and it is of the
highest importance to us all that titles to real estate should
be carefully guarded, and should be difficult to overthrow by
word of mouth. That is the policy in most states. It is the
policy in Pennsylvania, and it is a policy which we must see
enforced. There is a rule which our court has laid down to
be applied to testimony of that kind, when it attacks a record,
and it is substantially this: When a defendant sets up, as the
defendant in this case does, that he claims to be the owner of

a property because of what is called a resulting trust; that is, because he advanced the money to pay for the property, it is necessary for him to make out that defence by evidence that is clear, precise, and reasonably certain. [It is quite a high quality of evidence that is required.] [3] As our courts have repeatedly said, it is something more than testimony balanced, or leaning a little on his side. The testimony before you must be clear and precise ; it must be reasonably certain, so that if it leaves the jury in a fair state of doubt, the defendant has failed, and the written or record title must prevail.

Now, applying these principles, and they are the only ones that apply in the case, as I think, you must solve this question : Here is a record title which is attacked by Thomas Hoover. He declares that there was a promise or agreement between his brother and himself before the partition, that Elias was to take the property for Thomas's benefit; and the reason was, as he says, specified to be because Thomas was not fit to take care of his own business. In pursuance of that agreement he goes on to say that the property was so taken, and Elias had it adjudged to him, and that afterwards some assignment was made to Elias of Thomas's interest in the estate, which was afterwards used by Elias in settlement for the property. Now, the jury will have to determine from all the evidence how these facts are. Elias denies those statements entirely, and says there was no such arrangement. He says that he was willing his brother should have the property if he paid him, and that he is still willing, and that that was the only arrangement; that he and Thomas had had several conversations upon the subject, and that Thomas finally said he might do as he pleased about it, and that he, Elias, finally took it for himself and nobody else. His explanation of the assignment is that it was made as payment or security for a debt of five hundred dollars, and also as a fair recompense for keeping Thomas and his family for two years, while Thomas was unable to work. That is his side of the question, and it is corroborated to some extent, at least, by the form and contents of the assignment.

That is the case. The veracity of some of the witnesses is attacked, and the jury must determine how much weight is to be given their testimony. Whether or not it has been seriously attacked, is a matter for the jury to determine. If they cannot

Opinion of the Court.

rely upon the testimony that is attacked, it must consequently be thrown out. On another proceeding, when it was to the interest of Thomas to support the assignment, his testimony was in favor of it; and now it is argued that when it is to his interest to attack the assignment, he attacks it. The jury must determine this question, and what bearing it has upon the degree of reliance to be placed upon Thomas's testimony in this case. As I said, if the defendant has not clearly made out his defence the record title of the plaintiff must prevail. On the other hand, if the defendant has satisfied your minds by clear, precise and reasonably certain testimony, that his defence is as he states it, and as I have outlined it, he is entitled to a verdict. . . . .

The jury returned a verdict in favor of the plaintiff. A rule for a new trial having been discharged, the defendant took this appeal, assigning as error:

1. The admission of plaintiff's offer.[1]

2. The admission of the offer for one purpose, and using it for another.

3. The portion of the charge embraced in [ ][3]

*Mr. J. C. McAlarney,* for the appellant.

Counsel cited: Raby v. Cell, 85 Pa. 80; Crail v. Crail, 6 Pa. 480; Reeves v. Railroad Co., 30 Pa. 454; Lackawanna etc. R. Co. v. Chenewith, 52 Pa. 382; Washington M. F. Ins. Co. v. Rosenberger, 3 W. N. 16; Trego v. Pierce, 119 Pa. 148.

*Mr. Levi B. Alricks, Mr. J. H. Weiss, Mr. L. D. Gilbert* and *Mr. L. M. Neiffer,* for the appellee.

Counsel cited: Earnest's App., 106 Pa. 319.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.